**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

VIVIAN HAWKINS                                                                                     PLAINTIFF

v.                                            No. 4:14CV00546 JLH

ARKANSAS DEPARTMENT OF
HUMAN SERVICES; CINDY GILLESPIE;
BRENDA JACKSON; STEVEN PETERSEN;
and KEVIN STACKER, in their official capacities                              DEFENDANTS

## OPINION AND ORDER

This is the second motion for summary judgment in this action.  In the previous motion, the

Court dismissed Vivian Hawkins's individual capacity claims against Cindy Gillespie, Brenda

Jackson, Steven Petersen, Kevin Stacker, and Zofia Higginbotham.  The Court also dismissed her

Family Medical Leave Act retaliation claim, section 1983 claim, and common law claims for outrage

and battery.  Her claims against the defendants in their official capacities under the Americans with

Disabilities Act and section 504 of the Rehabilitation Act remain.  The defendants now move for

summary judgment on these claims.  The motion is granted in part and denied in part.

A court should grant summary judgment if the evidence demonstrates that there is no genuine

dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a

genuine dispute for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L.

Ed. 2d 265 (1986).  If the moving party meets that burden, the nonmoving party must come forward

with specific facts that establish a genuine dispute of material fact.  *Matsushita Elec. Indus. Co., Ltd.

v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986);

*Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  A genuine dispute

of material fact exists only if the evidence is sufficient to allow a reasonable jury to return a verdict

in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The Court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Id.*

The defendants argue that sovereign immunity bars Hawkins's ADA and section 504 claims because she is seeking monetary relief against the defendants in their official capacities. It is true that suits seeking money damages because of a state's noncompliance with Title I of the ADA are barred by the eleventh amendment. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360, 121 S. Ct. 955, 960, 148 L. Ed. 2d 866 (2001). Hawkins, however, responds that she "seeks injunctive relief under the ADA, and is pursuing all available remedies, including money damages, under Section 504." Document #59 at 7. Claims for injunctive relief against officers of a state government can be pursued under the *Ex parte Young* doctrine. *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908); *see also Garrett*, 531 U.S. at 374 n.9, 121 S. Ct. at 968.

The defendants maintain that Hawkins's section 504 claim is barred by sovereign immunity. They say that section 504 claims are "similar in substance" to ADA claims and cases interpreting the ADA apply interchangeably to section 504 claims. Document #56 at 7 (citing *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999)). This argument is incomplete. *Randolph*, 170 F.3d at 858 (stating that "[t]he ADA and the RA are similar in substance" and that "cases interpreting either

2

are applicable and interchangeable," "with the exception of the RA's federal funding requirement" (quotations and citations omitted)).

Section 504 of the Rehabilitation Act conditions a state's acceptance of federal funds on that state's waiver of sovereign immunity. 42 U.S.C. § 2000d–7; *Doe v. Nebraska*, 345 F.3d 593, 598 (8th Cir. 2003) ("Under the Rehabilitation Act, states that accept federal funds are required by statute to waive their Eleventh Amendment immunity to § 504 claims."). Hawkins's complaint alleges that the Arkansas Department of Human Services receives federal financial assistance, and the defendants admit in their answer that the Department receives funds. Document #8 at ¶9. That the Department chose to accept federal funds is sufficient to trigger its waiver of sovereign immunity under section 504. *See Dinkins v. Corr. Med. Servs.*, 743 F.3d 633, 635 (8th Cir. 2014); *Jim C. v. United States*, 235 F.3d 1079, 1080 (8th Cir.2000) (en banc). Hawkins's section 504 claim is not barred by sovereign immunity.

This Court converted the defendants' original motion for judgment on the pleadings to a motion for summary judgment because they presented evidence outside the record that Hawkins has resigned from her position with the Department. The defendants argue that this forecloses her claim for prospective relief under the ADA. To determine whether the doctrine of *Ex parte Young* applies courts "need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645, 122 S. Ct. 1753, 1760, 152 L. Ed. 2d 871 (2002) (alteration in original) (citations omitted). Hawkins does not dispute that she has voluntarily resigned. For the first time, Hawkins raises reinstatement as one form of prospective relief. Her complaint does not allege unlawful termination. Although courts have recognized "that claims for

reinstatement to previous employment satisfy the *Ex parte Young* exception to the Eleventh Amendment's sovereign immunity bar," these cases all involve claims of dismissal or unlawful termination. *See State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 96 (2d Cir. 2007) (collecting cases). Because Hawkins has resigned, no prospective remedy is available.

Last, the defendants move for partial summary judgment on any remaining claims that fall 180 days before Hawkins filed her charge of discrimination or that fall after she filed her charge and have not been exhausted. The defendants' argument relates to a time-bar that applies only to Hawkins's claims under the ADA. *Cf. Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1058 (8th Cir. 2016). As explained above, Hawkins has no claims remaining under the ADA, and so the defendants' argument is moot.

## CONCLUSION

For the foregoing reasons, the defendants' motion is GRANTED IN PART and DENIED IN PART. Document #55.

IT IS SO ORDERED this 27th day of September, 2017.

_____

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE